UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

NELLY MILLER,

    Plaintiff,

vs.

WAL-MART ASSOCIATES, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP[1] ("Defendant" or "Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§1441 and 1446, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida, Miami Division.  The removal of this action is based upon the following:

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

1.      On or about April 28, 2019, Plaintiff, Nelly Miller ("Plaintiff"), filed a civil action against Walmart in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Nelly Miller v. Wal-Mart Associates, Inc.*, Case No. 2019-012724-CA-01 ("State Court Action").

---

[1] "Wal-Mart Associates, Inc." is erroneously named as the defendant in this case. The operating entity of the Store where Plaintiff was employed, and thus the correct entity to be named as a defendant in this matter, is Wal-Mart Stores East, LP, a Delaware limited partnership.

2. Plaintiff's Complaint purports to assert claims against Defendant for sexual harassment and retaliation under the Florida Civil Rights Act ("FCRA"). A true and correct copy of all papers filed in the State Court Action are attached as **Exhibit "A."**

3. A copy of the Complaint and Summons in the State Court Action was served upon the registered agent of Defendant on May 2, 2019. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which Defendant first received notice of the State Court Action.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. §§ 1441 and 1446. More specifically, this is an action between citizens of different states, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. The United States District Court for the Southern District of Florida, Miami Division, embraces the location in which the original action was filed. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446(d), Preferred will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff's counsel as reflected by the Certificate of Service.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See MacGinnitie v. Hobbs Group*, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (providing that citizenship for diversity purposes is determined at the time the suit is filed).

8. Upon information and belief, Plaintiff is a citizen of Florida. In her Complaint, Plaintiff admits that she is a resident of Florida. Compl ¶ 3. Thus, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

9. At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the state of Delaware. In addition, Defendant's principal place of business (*i.e.*, its corporate offices and headquarters that house Defendant's executive and administrative functions) is located in Arkansas.

10. Defendant is, therefore, a citizen of Delaware and Arkansas for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010) (principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Because Defendant is *not* a citizen of Florida and, in fact, is a citizen of a different State than Plaintiff, diversity exists between the parties.[2]

### III.   THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY LIMIT

11. Plaintiff states in her Complaint that she seeks to recover a variety of damages, including front and back pay, compensatory damages for emotional distress, compensation for lost wages, benefits, punitive damages, and attorneys'. *See* "WHEREFORE clauses" following Paragraphs 26 & 33 of the Complaint. Plaintiff does not specify the exact amount of damages that she seeks, other than her claim that this is an action for damages "which exceeds $15,000.00, exclusive of interest and costs." *See* Compl. ¶ 1.

---

[2] Wal-Mart Stores East, LP, the corporate entity that operates the Walmart store where Plaintiff was employed. Wal-Mart Stores East, LP is a Delaware limited partnership. The partners of Wal-Mart Stores East, LP are WSE Management, LLC and WSE Investment, LLC, both of which are limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, which is also a limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a public corporation (formerly Wal-Mart Stores, Inc. prior to March 1, 2018).

12. Where, as here, removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (Dec. 15, 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

13. The amount in controversy is generally determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of her case as it stands at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (finding the "appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint")).

14. District courts routinely include compensatory damages in the form of pain and suffering, such as Plaintiff claims in this case, in the jurisdictional amount. *See Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (complaint "clearly established" amount in controversy based, in part, on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, *etc.*); *see also*, *Wineberger v. Racetrac Petroleum, Inc.*, 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *2 (M.D. Fla. Jan. 16, 2015) (calculating emotional distress damages in the range of $5,000-$30,000 under FCRA for purposes of calculating the amount in controversy when the complaint alleged garden variety emotional distress).

15. As to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial. *See e.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-

cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial). At the time of her termination, Plaintiff was earning approximately $22,800 per year ($440.00 per week). Because it has been approximately a year since Plaintiff's employment ended, Plaintiff's back pay to date is approximately $22,800.00. Adding an additional 18 months of back pay to account for the expected time between now and trial ($440.00 * 130 weeks total), Plaintiff could recover approximately **$57,200** in back pay.

16.    Plaintiff's request for front pay further augments the amount in controversy. *See Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at **4-5 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial, and crediting one year of front pay as a conservative measure of potential future lost wages). Here, one year of front pay would add another **$22,500** to the amount in controversy. In total, Plaintiff could recover approximately **$79,700.00** in lost wages.

17.    In sum, the aggregate amount of Plaintiff's estimated lost wages, compensatory damages, punitive damages, and attorney's fees, demonstrates an amount in controversy, which exceeds the jurisdictional threshold. *See Penalver v. N. Elec., Inc*., 12-80188-CIV, 2012 WL 1317621 (S.D. Fla. Apr. 17, 2012) ("The aggregate amount of the estimated back pay, front pay, compensatory damages, punitive damages, and attorney's fees demonstrates that it is more likely than not that the amount in controversy exceeds $75,000.").

**IV.    NOTICE AND TIMELINESS**

18.    Finally, this Notice of Removal has been given to Plaintiff and has been promptly filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  A copy of the Notice of Filing Notice of Removal is attached as **Exhibit "B."**

**WHEREFORE**, Defendant requests that the action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to this Court.

Dated this 31st day of May 2019.

Respectfully submitted,

BY: /s/*Jonathan A. Beckerman*
Jonathan A. Beckerman
Florida Bar No. 568252
E-mail: jbeckerman@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 89163
E-mail: mamorel@littler.com

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of May 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/*Jonathan A. Beckerman*
Jonathan A. Beckerman

FIRMWIDE:164567587.2 080000.1392